UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZULILY, LLC,<br><br>              Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>              Defendant. | 2:23-cv-01900 JHC<br><br>**MOTION FOR SUBSTITUTION OF PARTY UNDER FED. R. CIV. P. 25(C)**<br><br>NOTE ON MOTION CALENDAR:<br>JUNE 20, 2024 |

MOTION FOR SUBSTITUTION OF PARTY
UNDER FED. R. CIV. P. 25(c)
CASE NO. 2:23-cv-01900

Bona Law PC
4275 Executive Square, Suite 200
La Jolla, CA 92037
858.964.4589

Zulily, LLC ("Zulily") was an online retailer and the company that originally brought this action alleging federal and state antitrust violations against Amazon, Inc. ("Amazon"). Pursuant to Federal Rules of Civil Procedure 25(c) and 17(a), Zulily moves to withdraw as the named plaintiff and to substitute in its place Old Retail ABC LLC—the entity to which Zulily has made a general assignment for the benefit of creditors, as a California statutory alternative to federal bankruptcy (the "Assignment"). Under the Assignment, Zulily relinquished its legal claims and assets to Old Retail ABC and empowered Old Retail ABC to prosecute and defend lawsuits brought by or against Zulily.

The requested substitution will not prejudice Amazon—Old Retail ABC will pursue the same claims and remedies against Amazon that Zulily would have pursued but-for the assignment, resulting in no change to the factual allegations or scope of Zulily's original claims.

Counsel for Zulily met and conferred with Amazon's counsel prior to bringing this motion. Amazon intends to oppose this motion because Amazon would like to pursue a "setoff" in this case based on debts Zulily allegedly incurred during the ordinary course of its business with Amazon. Amazon contests the substitution, according to its counsel, because it believes that ***Zulily*** is liable for any such setoff, but ***Old Retail ABC*** is not (i.e., there is a lack of mutuality between Amazon and Old Retail ABC). Taking that as true, Zulily offered to stipulate that Old Retail ABC would waive any defense that it is the incorrect party against which to assert a setoff. Amazon declined, stating—for

MOTION FOR SUBSTITUTION OF PARTY
UNDER FED. R. CIV. P. 25(c) – 1
CASE NO. 2:23-cv-01900

Bona Law PC
4275 Executive Square, Suite 200
La Jolla, CA 92037
858.964.4589

reasons unclear to Zulily—that the stipulation would not cure Amazon's claimed prejudice.

Nonetheless, Old Retail ABC is now the correct party to prosecute Zulily's claims and should therefore be substituted as the plaintiff.

## FACTUAL BACKGROUND

Zulily brought this case alleging federal and state antitrust claims against Amazon on December 11, 2023.

Days later, on December 22, 2023, Zulily entered into a general assignment for the benefit of creditors under California state law with "Zulily ABC, LLC." Cal. Civ. Proc. Code § 493.010. *See* Decl. of Molly Donovan ("Donovan Decl.") at Ex. 1. Under the Assignment, Zulily transferred to Zulily ABC all "claims and assets of Assignor's business known as Zulily, LLC." *Id.* ¶ 2.

The Assignment empowers Zulily ABC to settle "all claims against or in favor of Assignor," including to sue and to prosecute any claim or claims existing in favor of Zulily. *Id.* ¶ 7(f), and to defend any claim or claims against it "of any nature whatsoever." *Id.*

Pursuant to the Assignment, Zulily exists now only as a corporate shell while the assignee – Old Retail ABC – liquidates Zulily's assets for the benefit of its creditors who have submitted (or will submit) claims as part of the Assignment process. To this date, Amazon has declined to submit such a claim—perhaps believing that it can get a dollar-for-dollar repayment in this case, without having to stand in line on a level playing field with other general unsecured creditors, and potentially getting some lesser aliquot payment

MOTION FOR SUBSTITUTION OF PARTY
UNDER FED. R. CIV. P. 25(c) – 2
CASE NO. 2:23-cv-01900 JHC

Bona Law PC
4275 Executive Square, Suite 200
La Jolla, CA 92037
858.964.4589

distribution, in the ABC liquidation process. *See* Decl. of Douglas Wilson ¶¶ 4–5. At any rate, Zulily no longer has any real interest in this matter. It has no records or documents, nor any right or legal representation to pursue its antitrust claims against Amazon or to defend itself against Amazon's claimed "setoff." All of those rights and defenses reside with the Assignee – Old Retail ABC – for the benefit of the ABC estate.

The other practical reason Zulily is requesting to withdraw is because on March 15, 2024, Zulily ABC sold the intellectual property rights to the name "Zulily" to a third-party and agreed to make efforts to eliminate "Zulily" as a named plaintiff in this case. *Id.* ¶ 6.

Pursuant to the terms of that transaction, Zulily ABC changed its own name to Old Retail ABC LLC, and it became the duty of Old Retail ABC LLC to try to obtain the Court's permission to eliminate the name of "Zulily" as the named plaintiff in this action and remove that name from the caption of this case. *Id. See also* Donovan Decl. at Ex. 2.

As the Assignee, under the general assignment for the benefit of all creditors of Zulily, Old Retail ABC wishes to continue this action to vigorously prosecute the same claims that Zulily has asserted (or could assert) against Amazon for the benefit of all creditors of the ABC estate.

## STANDARD

Federal Rule 25(c) provides that "[i]f an interest is transferred, the action may be continued by . . . the original party unless the court, on motion, orders

MOTION FOR SUBSTITUTION OF PARTY
UNDER FED. R. CIV. P. 25(c) – 3
CASE NO. 2:23-cv-01900 JHC

Bona Law PC
4275 Executive Square, Suite 200
La Jolla, CA 92037
858.964.4589

the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. Proc. 25(c). A rule 25(c) substitution does not ordinarily alter the substantive rights of parties. It is merely a procedural device designed to facilitate the operation of a case. *See Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71–72 (3d Cir. 1993) (citations omitted),

Courts routinely exercise their discretion to grant substitutions where the transferee becomes the real party in interest and seeks to continue the case. Fed. R. Civ. P. 17(a)(3) (requiring that a civil action be prosecuted in the name of the real party in interest; requiring that the court allow the real party in interest to "ratify, join, or be substituted into the action."). In those circumstances, dismissal of the original plaintiff is appropriate because "that individual no longer has standing to bring the claims." *Hicks v. Citigroup, Inc.*, No. C11-1984-JCC, 2012 U.S. Dist. LEXIS 193044, at *5 (W.D. Wash. Oct. 16, 2012); *see also In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) (a transfer of notes and the legal rights under them is a "classic" reason for a Rule 25(c) substitution); *L'Oréal USA, Inc. v. Olaplex, Inc.*, 844 F. App'x 308, 317 (Fed. Cir. 2021) ("Courts have applied [Rule 25(c)] broadly to include transfers by either a plaintiff or defendant of various kinds of property interests that may be involved in a lawsuit, including assignment of legal rights." (quoting 6 James W. Moore, *Moore's Federal Practice* § 25.31 (2020) (cleaned up)).

Indeed, substitutions in favor of the real party in interest "should be liberally allowed when the change is merely formal and in no way alters the

MOTION FOR SUBSTITUTION OF PARTY
UNDER FED. R. CIV. P. 25(c) – 4
CASE NO. 2:23-cv-01900 JHC

Bona Law PC
4275 Executive Square, Suite 200
La Jolla, CA 92037
858.964.4589

original complaint's factual allegations as to the events or the participants." *Copelan v. Techtronics Indus. Co.*, 95 F. Supp. 3d 1230, 1234–35 (S.D. Cal. 2015) (citation omitted).

Where the original plaintiff is insolvent and liquidated under an assignment for creditors' benefit, it ceases to exist, as a practical matter, and ought to be dismissed for that reason as well. *Valentine v. NebuAd, Inc.*, No. C08-05113 TEH, 2009 U.S. Dist. LEXIS 93454, at *26 (N.D. Cal. Oct. 6, 2009) (an insolvent party that has executed an assignment for the benefit of creditors "essentially ceases to exist").

## ARGUMENT

Courts routinely grant motions for substitution where the transferees of legal claims are receivers or trustees tasked with liquidating an estate (as Old Retail ABC is doing here). *First Am. Sav. Bank, F.S.B. v. Westside Fed. Sav. & Loan Ass'n*, 639 F. Supp. 93, 95–96 (W.D. Wash. 1986) (substituting in a receiver in the action because, for practical purposes, the original plaintiff ceased to exist although not formally liquidated or dissolved); *An Pham v. Allstate Indem. Co.*, No. C10-1844RAJ, 2011 U.S. Dist. LEXIS 144053, at *7–8 (W.D. Wash. Dec. 13, 2011) (finding substitution of the bankruptcy trustee, as the real party in interest, appropriate under Fed. R. Civ. P. 17(a)); *Ritz Camera & Image, LLC v. Sandisk Corp.*, No. C 10-02787 SBA, 2013 U.S. Dist. LEXIS 94243, at *5–9 (N.D. Cal. July 5, 2013) (same); *Hicks*, 2012 U.S. Dist. LEXIS 193044, at *5–6 (substituting in bankruptcy trustee as the real party in interest and allowing the

MOTION FOR SUBSTITUTION OF PARTY
UNDER FED. R. CIV. P. 25(c) – 5
CASE NO. 2:23-cv-01900 JHC

Bona Law PC
4275 Executive Square, Suite 200
La Jolla, CA 92037
858.964.4589

original plaintiff to withdraw); *Copelan*, 95 F. Supp. 3d at 1234 (the trustee of a bankruptcy becomes the real party in interest as to suits the debtor filed prior to the bankruptcy); *In re Meehan*, AP No. CC-13-1571-DTaSp, 2014 Bankr. LEXIS 4219, at *13-16 (B.A.P. 9th Cir. Sept. 29, 2014) (holding the trustee has exclusive standing to pursue prepetition causes of action that have not been formally abandoned).

Here, too, the Assignment transferred all the claims at issue in this litigation, and the right to prosecute them, from Zulily to Old Retail ABC, as the liquidator of the Zulily estate. Old Retail ABC, in turn, owes a fiduciary duty to Zulily's creditors in resolving Zulily's legal claims in the estate's best interest. Ex. 1 ¶¶ 2, 7. *See Berg & Berg Enters., LLC v. Boyle*, 178 Cal. App. 4th 1020, 1042–43, (2009) (an assignment for the benefit of creditors is a recognized statutory alternative to liquidation in bankruptcy); *In re Consol. Pioneer Mortg. Entities*, 264 F.3d 803, 808 (9th Cir. 2001) (recognizing that assignees for the benefit of creditors who take possession and liquidate property of a debtor owe fiduciary duties to creditors).

Substituting Old Retail ABC for Zulily also allows for the most efficient and simplest continuation of this action—with the real party in interest (Old Retail ABC) as the sole plaintiff. *Learning Annex Holdings, LLC v. Rich Glob., LLC*, No. 09 Civ. 4432 (SAS), 2011 U.S. Dist. LEXIS 86003, at *4 (S.D.N.Y. Aug. 3, 2011) (the purpose of Rule 25(c) is to allow an action to continue unabated when the interest in a lawsuit changes hands without initiating an entirely new

MOTION FOR SUBSTITUTION OF PARTY
UNDER FED. R. CIV. P. 25(c) – 6
CASE NO. 2:23-cv-01900 JHC

Bona Law PC
4275 Executive Square, Suite 200
La Jolla, CA 92037
858.964.4589

suit). Indeed, Old Retail ABC has been placed in the "identical position" as Zulily was prior to the assignment, i.e., the factual allegations and scope of the original lawsuit will remain the same. *See Gen. Battery Corp. v. Globe-Union, Inc.*, 100 F.R.D. 258, 263 (D. Del. 1982) (substituting assignee of legal claims as plaintiff in the action because its claims are the same as the original plaintiff's).

Given this, Amazon will suffer no prejudice to its ability to defend against the original lawsuit on the merits. Plaintiff expects Amazon will claim something different, i.e., Amazon wants a "setoff" against any antitrust damages awarded to the plaintiff and believes only "Zulily" is liable for same. Presumably, the setoff benefits Amazon by allowing it to avoid the ABC process, that all other creditors of Zulily's must go through, and where unsecured creditors like Amazon are unlikely to recover a dollar-for-dollar repayment (except as a result of recovery against Amazon in this action).

While plaintiff does not concede that Amazon has a valid "setoff" claim against Zulily at all, Old Retail ABC was willing to stipulate, as the sole plaintiff, that it would not dispute whether it is the right or wrong party against which to assert such a claim. In other words, Old Retail ABC agreed not to assert a mutuality defense for purposes of Amazon's setoff assuming Amazon stipulated that Zulily could be withdrawn as the named party plaintiff. (Old Retail ABC, of course, would reserve and not waive all other available defenses). In Zulily's view, this agreement would have eliminated Amazon's claimed prejudice entirely, but Amazon declined Old Retail ABC's stipulation nonetheless.

MOTION FOR SUBSTITUTION OF PARTY  
UNDER FED. R. CIV. P. 25(c) – 7  
CASE NO. 2:23-cv-01900 JHC

Bona Law PC  
4275 Executive Square, Suite 200  
La Jolla, CA 92037  
858.964.4589

Whatever prejudice Amazon claims now is of its own making. Whether by refusing to stipulate or by forfeiting the recovery available to it in the ABC process, Amazon's inability to recover some or all the debts it is owed by "Zulily" (if any) is its choice. Setoff, in fact, is equitable and should not be applied in Amazon's favor under such circumstances. *Baluma, S.A. v. Davydov*, No. 2:20-cv-001552-KJD-NJK, 2022 U.S. Dist. LEXIS 53006, at *12–13 (D. Nev. Mar. 24, 2022) (the right of setoff is permissive, not mandatory and its application is within the court's discretion under the "general principles of equity;" the doctrine is intended to avoid "the absurdity of making A pay B when B owes A.") (citations omitted).

And setoff is not allowed also where it would contradict an independent public policy. *See Reed v. Glob. Acceptance Credit Co.*, No. C-08-01826 RMW, 2008 U.S. Dist. LEXIS 61738, at *20 (N.D. Cal. Aug. 11, 2008) (denying defendant's request to recover on an underlying debt where doing so would deter plaintiffs from bringing claims under the Fair Debt Collections Practices Act). Here, the strong policy in favor of encouraging private plaintiffs to enforce the antitrust laws would be undermined by permitting Amazon to pursue a setoff. *Perma Life Mufflers v. Int'l Parts Corp.*, 392 U.S. 134, 136 (1968) (discussing the private action as vital to the enforcement of antitrust policy). Furthermore, the relief Amazon seeks would prejudice Zulily's other unsecured creditors who are complying with the statutory liquidation procedures in effect in the Assignment process.

MOTION FOR SUBSTITUTION OF PARTY  
UNDER FED. R. CIV. P. 25(c) – 8  
CASE NO. 2:23-cv-01900 JHC

Bona Law PC  
4275 Executive Square, Suite 200  
La Jolla, CA 92037  
858.964.4589

Plaintiffs, on the other hand, are allowed to be substituted even where an equitable affirmative defense to the original claims (like setoff) would be eliminated. In *Copelan*, the court held:

> The Court finds that substitution is appropriate. The Trustee has decided to pursue this lawsuit on behalf of the creditors and has retained counsel to pursue the action. Undisputedly, the change is merely formal and does not alter the factual allegations in the lawsuit as to the events or the participants. Moreover, the Trustee receives the causes of action at issue subject to all pre-petition defenses that would have been applicable to Plaintiff if no bankruptcy case had been filed. While the substitution of the Trustee precludes the application of judicial estoppel, . . . the Court notes that judicial estoppel is an equitable doctrine, and using it to land another blow on the victims of bankruptcy fraud, which could potentially occur here absent substitution, is not an equitable application.

95 F. Supp. 3d at 1235 (cleaned up; citations omitted).

## CONCLUSION

For all these reasons, the Court should order that Zulily be withdrawn as plaintiff and Old Retail ABC LLC, as its Assignee under a general assignment for the benefit of creditors, be substituted in its place. Plaintiff requests that the Court order the clerk to strike "Zulily" or "Zulily ABC" from all case captions and from the ECF system going forward to be replaced with "Old Retail ABC LLC."

Respectfully submitted,

DATED: May 30, 2024

BONA LAW PC

By  */s/ Molly Donovan*
Jon Cieslak (admitted *pro hac vice*)
4275 Executive Square, Suite 200
La Jolla, CA 92037
858.964.4589
jon.cieslak@bonalawpc.com

BONA LAW PC
Molly Donovan (admitted *pro hac vice*)
James Lerner (admitted *pro hac vice*)
41 Madison Avenue #2509
New York, NY 10010
212.634.6861
james.lerner@bonalawpc.com
molly.donovan@bonalawpc.com

*Lead Counsel for Plaintiff*


By  /s/ Mark Rosencrantz
   Mark Rosencrantz (WSBA #26552)
   CARNEY BADLEY SPELLMAN, P.S.
   701 5th Avenue, Suite 3600
   Seattle, WA 98104
   206.622.8080
   rosencrantz@carneylaw.com

*Local Counsel for Plaintiff*

We certify that this memorandum contains 2,360 words, in compliance with the Local Civil Rules.

MOTION FOR SUBSTITUTION OF PARTY
UNDER FED. R. CIV. P. 25(c) – 10
CASE NO. 2:23-cv-01900 JHC

Bona Law PC
4275 Executive Square, Suite 200
La Jolla, CA 92037
858.964.4589