UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZULILY, LLC,

        Plaintiff,

v.

AMAZON.COM, INC.,

        Defendant.

Case No. 2:23-cv-01900-JHC

**ORDER RE: PLAINTIFF'S MOTION FOR SUBSTITUTION OF PARTY**

This matter comes before the Court on Plaintiff's Motion for Substitution of Party Under Fed. R. Civ. P. 25(c). Dkt. # 32.

Federal Rule of Civil Procedure 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Substitution under Rule 25(c) is not mandatory, and the Court exercises its discretion in granting or denying it. *See In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000). The purpose of substitution under Rule 25(c) is to ensure that the litigation continues to flow smoothly. *Id.* "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *Id.* (quoting *Collateral Control Corp. v. Deal (In re Covington Grain Co., Inc.)*, 638 F.2d 1362, 1364 (5th Cir.1981)). "Whether a court should

exercise its discretion in favor of substitution turns on whether the addition of the transferee will facilitate the conduct of the litigation." *Bullets2Bandages, LLC v. Caliber Corp.*, No. 318CV00669GPCKSC, 2019 WL 5684400, at *3 (S.D. Cal. Nov. 1, 2019). Further, "a 'transfer of interest' as applied to Rule 25(c) has required that the assets as well as liabilities be transferred." *Id.*

Here, Zulily seeks to substitute Old Retail ABC LLC as the Plaintiff. Dkt. # 33 at 1. As an alternative to bankruptcy, under California law, Zulily made an assignment for the benefit of creditors in which it "relinquished its legal claims and assets to Old Retail ABC and empowered Old Retail ABC to prosecute and defend lawsuits brought by or against Zulily." Dkt. # 32 at 2. Zulily argues that because of this assignment, Old Retail ABC can stand in Zulily's shoes in this litigation. *Id.*

Amazon counters that substitution is not appropriate here because "Zulily did not assign any of its liabilities . . . to Old Retail ABC." Dkt. # 35 at 3. Zulily says that while it did not assign personal liability to Old Retail ABC, substitution is appropriate because "Old Retail ABC, in its representative capacity, has collected 'all accounts receivable and obligations owing to the Assignor [Zulily].'" Dkt. # 36 at 5 (quoting Dkt. # 34 at 7). But Zulily's General Assignment for the Benefit of Creditors, including the language Zulily highlights, does not transfer Zulily's liability, so substitution would not be appropriate. *See Mitnick v. davisREED Constr., Inc.*, No. 3:17-CV-00747-H-WVG, 2019 WL 1572988, at *2 (S.D. Cal. Apr. 11, 2019) (denying motion for substitution under Rule 25(c) for Defendant's counterclaims against AmeriPOD because, although AmeriPOD assigned its interests in the case to Mitnick under an assignment of benefit to creditors, it did not transfer liability to Mitnick).

For the reasons stated above, the Court DENIES the motion.

DATED this 3rd day of July, 2024.

*John H. Chun*
JOHN H. CHUN
UNITED STATES DISTRICT JUDGE

ORDER RE: PLAINTIFF'S MOTION FOR
SUBSTITUTION OF PARTY - 3
(Case No. 2:23-cv-01900-JHC)