UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZULILY, LLC, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMAZON.COM, INC.,<br><br>    Defendant. | Case No. 2:23-cv-01900-JHC<br><br>STIPULATED PROTECTIVE ORDER |

1. **PURPOSES AND LIMITATIONS**

Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The Parties acknowledge that this Order is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential or highly confidential treatment under the applicable legal principles, and it does not presumptively entitle Parties to file confidential or highly confidential information under seal.

## 2. DEFINITIONS

2.1 <u>Challenging Party</u>. A Party or Non-Party that challenges the designation of Discovery Material under this Order.

2.2 <u>Competitive Decision-Making</u>. Participation in decision-making regarding a firm's business operations, including the development or implementation of competitive strategies, business plans, and third-party negotiations, or other decisions made in light of similar corresponding information about a competitor, except when such participation is for the purpose of rendering legal advice as to litigation or antitrust issues.

2.3 <u>Counsel</u>. "Counsel" shall mean, as applied to outside counsel, counsel retained by a Party or Parties in connection with the Action and any Related Action ("Outside Counsel"). As applied to in-house counsel, it shall mean any lawyer employed (or previously employed, at the time of the pertinent communication) by a Party ("In-House Counsel"). The term Counsel also includes, but is not limited to, any economists, financial analysts, statisticians, paralegals, investigators, technologists, administrative assistants, and clerical and administrative personnel employed by, or contracted with, the Party, provided that such employees or contractors are acting under the direction or supervision of Counsel and in connection with the Action or any Related Action.

2.4 <u>Designating Party</u>. Party or a Non-Party that designates Discovery Material as Protected Material under this Order.

2.5 <u>Discovery Material</u>. All documents, items, or information regardless of the medium or manner in which it is generated, stored, or maintained (including, but not limited to, testimony, transcripts, electronically stored information, and tangible things) that are produced or generated in disclosures or responses to discovery in this Action.

2.6 <u>Expert</u>. A person who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this matter, including such person's employees and support staff.

2.7    Non-Party.  Any natural person, partnership, corporation, association, or other legal entity not named as a Party.

2.8    Party.  Any entity named as a plaintiff or defendant in this Action, including all of its officers, directors, employees, consultants, Experts, and Outside Counsel.

2.9    Producing Party.  A Party or Non-Party that produces Discovery Material in this Action.

2.10   Professional Vendors.  Persons or entities that provide litigation support services (for example, photocopying, videotaping, translating, preparing exhibits or demonstrations, providing document management and review services, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.11   Protected Material.  Any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to this Order.

2.12   Receiving Party.  A Party that receives Discovery Material from a Producing Party.

2.13   Requesting Party.  A Party that seeks Discovery Material from another Party or Non-Party in this Action.

**3.    SCOPE**

3.1    The protections conferred by this Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.2    The protections conferred by this Order do not cover (a) information that is in the public domain at the time of disclosure to a Receiving Party; (b) information that becomes part of the public domain after such disclosure through trial or otherwise but not involving a violation of this Order or a violation of any confidentiality obligations or commitments that predated the entry

of this Order; or (c) any information that the Receiving Party knows prior to the disclosure that it obtains after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.3    Nothing in this Order shall be construed to limit a Producing Party's use of its own Protected Material.

3.4    The Parties agree to negotiate in good faith concerning a separate stipulated order to govern any use of Protected Material at trial in this Action.

**4.    PROTECTED MATERIAL**

4.1    "CONFIDENTIAL" Material.  Discovery Material that the Designating Party reasonably believes to contain, describe, or disclose sensitive, non-public, confidential information, including, but not limited to, (1) court records, whether in this District or other courts, currently maintained under seal; (2) information subject to a non-disclosure or confidentiality agreement; (3) employee personnel information; (4) a Non-Party's commercially sensitive information, trade secrets, or competitive or strategic initiatives that are not readily ascertainable and for which the Designating Party has taken reasonable steps to maintain confidentiality; (5) the Designating Party's own commercially sensitive information that it has maintained as confidential including but not limited to (a) research, technical, financial, or accounting information; (b) commercially sensitive internal communications or information; (c) internal business planning documents; and (d) documents reflecting business negotiations, transactions, dealings and/or competition with Non-Parties; (5) information prohibited from disclosure by statute, and (6) personal identifying information subject to redaction under Local Rule 5.2.

4.2    "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Material. Extremely competitively sensitive materials that qualify as "CONFIDENTIAL" and that the Designating Party reasonably believes contain highly sensitive business or personal information, the disclosure of which to another Party or Non-Party would create a substantial risk of serious competitive or commercial harm to the Designating Party, including, for example, (1) trade secrets,

such as source code and algorithms, (2) technical details concerning proprietary technology, (3) current or forward-looking internal business strategy documents concerning direct competition with a Party, (5) current or forward looking intellectual property and product development documents, and (6) documents that reflect negotiating positions with respect to a Party.

4.3     The definition of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Protected Material shall not include the identity of a Non-Party that is a Producing Party or Designating Party in connection with this matter.

## 5.     ACCESS TO AND USE OF PROTECTED MATERIAL

5.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

5.2     <u>Disclosure of "CONFIDENTIAL" Material</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any material designated "CONFIDENTIAL" only to:

(a)     Counsel for Plaintiffs, paralegals and other Professional Vendors (including support and IT staff), and agents or independent contractors retained by Plaintiffs to assist in this Action whose functions require access to the information;

(b)     the Receiving Party's Outside Counsel, as well as employees, independent contractors, and Professional Vendors of said Outside Counsel to whom disclosure is reasonably necessary for the litigation of this Action;

    (c)  the Receiving Party's In-House Counsel, who have no involvement in Competitive Decision-Making, and to whom disclosure is reasonably necessary for the purpose of litigating this Action;

    (d)  if the Receiving Party does not have In-House Counsel, one designated outside counsel who regularly serves in that capacity and its legal, investigative, technical, administrative, and other support staff, who are directly involved or assisting in this Action (for the avoidance of doubt, this designated outside counsel is in addition to the Party's Counsel of Record);

    (e)  Experts of the Receiving Party to whom disclosure is reasonably necessary for the litigation of this Action and who have signed the attached "Acknowledgment and Agreement to be Bound ("Exhibit A");

    (f)  Professional Vendors of the Receiving Party to whom disclosure is reasonably necessary for the litigation of this Action;

    (g)  the Court, Court personnel, Court reporters and their staff;

    (h)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, and any current employee of a Party whose statements or communications are quoted, recounted, or summarized in said Party's document;

    (i)  during their depositions, any witness in the Action who: (i) is the Designating Party, a current employee of the Designating Party, a former employee of the Designating Party who was employed by the Designating Party when the Protected Material was created, or otherwise had access to such material separate and apart from their involvement in this matter; (ii) who has signed Exhibit A; and (iii) to whom the disclosure is reasonably necessary for the litigation of this Action, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

STIPULATED PROTECTIVE ORDER - 6
(Case No. 2:23-cv-01900-JHC)

Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(j) any other person as to whom the Designating Party has consented to disclosure.

5.3 Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any material designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

(a) those individuals listed in Section 5.2(a)-(b), and 5.2(d)-(i);

(b) the following Designated In-House Counsel, who Amazon certifies are not involved in Competitive Decision-Making and are not reasonably likely to become involved in Competitive Decision-Making: (i) Nate Sutton; (ii) Bryson Bachman; (iii) Lee Roach; and (iv) Cristina Fernandez;

(c) additional Designated In-House Counsel of any Receiving Party substituted for an individual listed in 5.3(b): (i) who have no involvement in Competitive Decision-Making; (ii) to whom disclosure is reasonably necessary for the litigation of this Action; (iii) who have been disclosed under Section 5.4 of this Order; and (iv) who are not subject to an objection by a Designating Party under Section 5.4, unless the court overrules such objection.

5.4 Procedure for Identifying Designated In-House Counsel Pursuant to Section 5.3(c). Unless otherwise agreed to in writing by the Designating Party or otherwise ordered by the court, material designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" can be disclosed to Designated In-House Counsel of the Receiving Party contemplated by Section 5.3(c) and not identified in Section 5.3(b) only after:

(a) The Receiving Party notifies the Designating Party of: (i) the name(s) of the additional Designated In-House Counsel; (ii) the title and a general description of the responsibilities of those Designated In-House Counsel; and (iii) a certification that (1) the

Designated In-House Counsel are not involved in Competitive Decision-Making; and (2) it is not reasonably foreseeably that the Designated In-House Counsel will become involved in Competitive Decision-Making.

(b)     If the Designating Party fails to object within twenty-one (21) days, the Receiving Party may disclose "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" material to the Designated In-House Counsel identified pursuant to Section 5.4(a).

(c)     If the Designating Party objects, it must do so in writing and set forth in detail the grounds on which the objection is based. Upon a written request by the Receiving Party, the Receiving Party and the Designating Party shall meet and confer on the objection to try and resolve the objection. Except by agreement of both the Receiving Party and the Designating Party, such meet and confer should be conducted promptly, and, in any event, within no later than ten (10) days of the written request from the Receiving Party. If the Receiving Party and the Designating Party are unable to reach a resolution after a good faith effort to meet and confer, then either Party may seek any appropriate order following the applicable procedures for such requests from the court. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

5.5     <u>Competitive Decision-Making Bar</u>.  Any In-house Counsel who receives material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be prohibited from engaging in any Competitive Decision-Making relating to such material, including taking any new role that would require Competitive Decision-Making relating to such material, for two years after (a) the In-House Counsel no longer has access to such material; or (b) final disposition of this Action, as defined in Section 13.1, whichever is earlier.

5.6     <u>Filing Protected Material</u>.  Before filing Protected Material or discussing or referencing Protected Material in court filings, the filing Party shall confer with the Designating Party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the Designating Party will remove the designation, whether the document can be redacted, or whether a motion to seal

or stipulation and proposed order is warranted. During the meet and confer process, the Designating Party must identify the basis for sealing the specific Protected Material, and the filing Party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal. Any motion to seal that requires a Designating Party to make the showing required by Local Civil Rule 5(g)(3)(B) shall be noted for consideration no earlier than the fourth Friday after filing. A Party who seeks to maintain a confidentiality designation of the Protected Material must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the Party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.7     Use of Protected Material at Hearings. A Receiving Party shall not reveal or discuss Protected Material at any pre-trial hearing open to individuals not otherwise authorized to receive the Protected Material unless the Receiving Party has, at least fourteen (14) days in advance of the hearing, moved to seal the proceeding or given written notice to the Designating Party of the intended use of such Protected Material. In the latter case, the Receiving Party and the Designating Party shall thereafter meet and confer to determine whether the Protected Material can be used. If they cannot reach agreement, the Designating Party may file a motion to seal the proceeding. If, however, the Party that seeks to use the Protected Material at a hearing for which it had fewer than twenty-one (21) days' advance notice, the Parties will meet and confer within a reasonable time before the hearing.

5.8     Disclosure at trial or at any evidentiary hearing of any document, testimony, or other Protected Material will be governed pursuant to a separate court order. In advance of the filing of a proposed order governing the disclosure of Protected Material at trial or any evidentiary hearing, the Parties shall provide notice of such order to Non-Parties whose Protected Material is expected to be used at trial or any evidentiary hearing.

STIPULATED PROTECTIVE ORDER - 9
(Case No. 2:23-cv-01900-JHC)

**6.  DISCLOSURE OF HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY MATERIAL TO IN-HOUSE COUNSEL BASED ON NEED**

6.1  Defendant may at any time before the trial of this Action request disclosure of HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY material to additional In-House Counsel not identified in Section 5.3 of this Order by consent of the Designating Party who made such designation or motion with the Court. Defendant shall provide a written notice to the Designating Party and all Parties to this Action stating with particularity the need for such disclosure. Defendant must meet and confer with the Designating Party to try to resolve the matter by agreement within 7 days of the written notice. If no agreement is reached, Defendant may file a motion with the Court. Defendant will not disclose any HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY material to its In-House Counsel pending resolution of the dispute. If the Court finds the designated In-House Counsel has a particularized need for access to the HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY material that outweighs the risk of harm to the Designating Party or the public interest, Defendant will be able to disclose the HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY material to its designated In-House Counsel notwithstanding Section 5.

**7.  DESIGNATING PROTECTED MATERIAL**

7.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards and do so in good faith. Unless impractical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing or modifying the mistaken designation.

This Order does not require any Party to redesignate any documents that were produced prior to the date of this Order that were not produced in the first instance in this litigation, i.e., documents first produced in related cases, and documents produced in response to requests for production in this litigation that call for production of documents made in other matters, absent a document-specific challenge in accordance with Section 8.

7.2   Manner and Timing of Designations.  Except as otherwise provided in this Order (see, *e.g.*, Section 7.3(a)-(d) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.  If a Producing Party or Designating Party identifies a document or transcript (or a portion thereof) as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," to the extent such material is produced and unless otherwise impractical to do so, the Producing Party shall produce, upon request of the Receiving Party, a version of said document or transcript wherein the "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" material is redacted, in addition to an unredacted copy.

7.3   Manner and Timing of Designations in Particular Circumstances:

(a)   Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," to each page that contains Protected Material. The designation of any Non-Party documents produced to Plaintiffs in connection with this Matter but prior to the entry of this Order shall be handled in accordance with

Section 8. The designation of any documents produced by a Party in connection with this matter but prior to the entry of this Order shall be addressed at the time such documents are produced in this Action.

For those documents in a Producing Party's possession, custody, or control that another Party or Non-Party wishes to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," nothing in this Order shall be construed to preclude such Producing Party from coordinating with such Designating Party to facilitate the process or procedure for affixing any appropriate designation legends or other markings, but the substantive designation determinations shall be the sole responsibility of the Designating Party.

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: A Designating Party may invoke either (i) on the record at any time during the proceeding, or (ii) in the case of a deposition, in writing no later than seven (7) days following the proceeding, a right to have up to twenty-one (21) days after receiving the final, unverified transcript to identify the specific portions of the testimony as to which protection is sought and the level of protection being asserted if there is a good faith basis to invoke such right. If a Designating Party invokes such right, in the interim time period, the entire transcript shall be treated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to the terms of this Order. Only those portions of the testimony that are appropriately and timely designated for protection shall be covered by the provisions of this Order. Transcripts of testimony containing Protected Material shall have an obvious legend on the title page indicating that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material, along with the level of protection being asserted. Any Non-Party testimony provided in depositions, investigational hearings, or other proceedings held in connection with this matter but prior to the entry of this Order shall be handled in accordance with Section 8. To the extent necessary, the

Parties shall confer as to a reasonable process for designating any testimony by a Party given in connection with this matter, but prior to the entry of this Order.

(c) <u>Electronic files or information contained in native electronic format not reasonably amendable to the procedures set forth for information in documentary form</u>:  The Designating Party shall append to the file names the legend, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or by any other reasonable method for appropriately designating the files as such, including by making such designations in reasonably accessible metadata associated with the files.

(d) <u>Other tangible items or information in another form</u>:  the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portion(s) and the level of protection asserted.

7.4   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**8. CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

8.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of Protected Material at any time.  A Party does not waive its right to challenge a confidential or highly confidential designation by electing not to mount a challenge promptly after the original designation is disclosed.

8.2   <u>Meet and Confer</u>.  The Parties must make every attempt to resolve any dispute regarding confidential and highly confidential designations without Court involvement. Any

motion regarding confidential and highly confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without Court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

       8.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without Court intervention, the Designating Party may file and serve a motion to retain a confidential or highly confidential designation under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the designation of any challenged Protected Material by failing to file a motion as describe above, all Parties shall continue to maintain the material in question as Protected Material until the Court rules on the challenge.

**9.    NON-PARTY PROTECTED MATERIAL**

       9.1    <u>Non-Party Discovery Material Requested from a Party</u>. In the event that a Party is required, by a valid discovery request or Court order, to produce Discovery Material from a Non-Party in this Action where the Party is subject to a statutory or other legal obligation, or an agreement with the Non-Party, to maintain such Discovery Material on a confidential basis, then the Party shall promptly, but in any event no later than fourteen (14) days after receiving a valid discovery request or Court order: (i) notify in writing the Requesting Party and the Non-Party that some or all of the Discovery Material requested is subject to a statutory or other legal obligation, or an agreement between the Producing Party and the Non-Party, to maintain the information on a confidential basis; and (ii) provide the Non-Party with a copy of this Order and the relevant discovery requests(s) or Court order. Unless the Non-Party has previously waived

its opportunity to object to this Order, the Non-Party shall have twenty-one (21) days to either (i) consent to the disclosure of the requested Discovery Material subject to designations that the Non-Party may make in accordance with the procedures set forth in Section 7; or (ii) notify the Requesting Party, in writing, that the Non-Party objects to disclosure of the requested Discovery Material. If any Non-Party receiving such notice fails to object within twenty-one (21 days), the Producing Party may not withhold the production of such Discovery Material on the basis of any confidentiality obligation to the Non-Party. If the Non-Party objects, it must do so in writing and set forth in detail the grounds on which the objection is based. The Requesting Party and the Non-Party shall meet and confer on the objection to try and resolve the objection. Except by agreement of both the Requesting Party and the Non-Party, such meet and confer should be conducted promptly, and, in any event, within no later than ten (10) days of the written request from the Requesting Party. If the Requesting Party and the Non-Party are unable to reach a resolution after a good faith effort to meet and confer, then either the Requesting Party or the Non-Party may seek any appropriate order following the applicable procedures for such requests from the Court.

9.2   <u>Discovery Material Produced By A Non-Party After The Entry of this Order.</u>  To the extent a Non-Party agrees to produce or is ordered to produce Discovery Material in this Action after the Entry of this Order, the Non-Party shall be protected by the remedies and relief available under this Order. Unless the Non-Party has previously waived its opportunity to object to this Order, the Non-Party shall have twenty-one (21) days from receiving a copy of this Order to object to this Order. If the Non-Party objects, it must do so in writing and set forth in detail the grounds on which the objection is based. The Parties and the Non-Party shall meet and confer on the objection to try and resolve the objection. Except by agreement of both Parties and the Non-Party, such meet and confer should be conducted promptly, and, in any event, within no later than ten (10) days of the written request from the Non-Party. If the Parties and the Non-Party are unable to reach a resolution after a good faith effort to meet and confer, then

either of the Parties or the Non-Party may seek any appropriate order following the applicable procedures for such requests from the Court.

**10.    PROTECTED MATERIAL REQUESTED, SUBPOENAED, OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a valid discovery request, subpoena, or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a)     promptly notify the Designating Party in writing and include a copy of the valid discovery request, subpoena, or court order;

(b)     promptly notify in writing the Party or Non-Party who served the discovery request or caused the subpoena or order to issue in the other litigation that some or all of the material covered by the discovery request, subpoena, or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

**11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, and (e) meet-and-confer in good faith with the Designating Party on additional corrective measures to be implemented in response to the disclosure.

**12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.  The Parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d).

**13.   DURATION, FINAL DISPOSITION, NON-TERMINATION, AND RETURN OF DOCUMENTS**

13.1   <u>Duration and Final Disposition</u>.  This Order shall continue in effect until at least the final disposition of this Action unless it is withdrawn, overruled, or modified by Court order.

For purposes of this Order, final disposition shall be the later of (1) a dismissal of all claims and defenses in this Action, with or without prejudice, pursuant to a settlement agreement, or (2) a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time for filing any motions or applications for extension of time under applicable law.

13.2   <u>Non-Termination and Return of Documents</u>.  Within sixty (60) days after the final disposition of this Action as defined in Section 13.1, unless modified by agreement of the Receiving Party and Producing Party, each Receiving Party shall certify to the other Party the destruction of any Protected Material received from any Party or Non-Party, including all copies, extracts, and summaries thereof.

Notwithstanding this provision, Counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such

archival copies that contain or constitute Protected Material remain subject to the confidentiality obligations imposed by this Order.

Even after the final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

**14.   MISCELLANEOUS**

14.1   Jurisdiction.  Any individual or entity who produces, discusses or receives Protected Material under the terms of the Order agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings related to the performance under, compliance with, or violation of this Order.

14.2   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by consent or by the Court in the future.

14.3   Right to Assert Other Objections.  By stipulating to entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order, including on account of a legal privilege or other protection.  Similarly, no Party waives any right to object on any ground to use in evidence any of the Protected Material covered by this Order.

IT IS SO ORDERED.  The Court GRANTS the motion as Dkt. # 59.

DATED: June 27, 2025.

_____
John H. Chun
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Western District of Washington on _____ [date] in the case of *Zulily, LLC, et al. v. Amazon.com, Inc.*, Case No. 2:23-CV-01900-JHC.  I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____