THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZULILY, LLC, et al.,<br><br>    Plaintiff,<br><br> v.<br><br>AMAZON.COM, INC.,<br><br>    Defendant. | Case No. 2:23-cv-01900-JHC<br><br>**STIPULATED MOTION AND [PROPOSED] ORDER REGARDING THE PARTIES' STIPULATED DEPOSITION COORDINATION PROTOCOL AND ORDER**<br><br>NOTE ON MOTION CALENDAR:<br>September 22, 2025 |

  The parties, by and through their attorneys of record, respectfully request that the Court enter the parties' [Proposed] Stipulated Deposition Coordination Protocol and Order, attached hereto as **Exhibit A**.

/ / /

/ / /

STIPULATED MOTION & [PROPOSED] ORDER RE THE PARTIES' STIPULATED DEPOSITION COORDINATION PROTOCOL AND ORDER - 1
(Case No. 2:23-cv-01900-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Stipulated to and respectfully submitted this 22nd day of September, 2025.

| | |
|---|---|
| **CARNEY BADLEY SPELLMAN, P.S.** | **MORGAN, LEWIS & BOCKIUS LLP** |
| Mark Rosencrantz, WSBA #26552<br>701 5th Avenue, Suite 3600<br>Seattle, WA 98104<br>Phone: (206) 622.8080<br>Email: rosencrantz@carneylaw.com | By: *s/ Molly A. Terwilliger*<br>Patty A. Eakes, WSBA #18888<br>Molly A. Terwilliger, WSBA #28449<br>1301 Second Avenue, Suite 3000<br>Seattle, WA 98101<br>Phone: (206) 274-6400<br>Email: patty.eakes@morganlewis.com<br>         molly.terwilliger@morganlewis.com |
| **BONA LAW PC** | **WILLIAMS & CONNOLLY LLP** |
| By: *s/ Joseph D. Trujillo (w/permission)*<br>Jon F. Cieslak (*pro hac vice*)<br>Joseph D. Trujillo (*pro hac vice*)<br>4275 Executive Square, Suite 200<br>La Jolla, CA 92037<br>Phone: (858) 964.4589<br>Email: jon.cieslak@bonalawpc.com<br>         joseph.trujillo@bonalawpc.com<br><br>James F. Lerner (*pro hac vice*)<br>Sabri Siraj (*pro hac vice*)<br>16 Madison Square Park West, 9th Floor<br>New York, NY 10010<br>Phone: (212) 634-6861<br>Email: james.lerner@bonalawpc.com<br>         sabri.siraj@bonalawpc.com | John E. Schmidtlein (*pro hac vice*)<br>Kevin M. Hodges (*pro hac vice*)<br>Carl R. Metz (*pro hac vice*)<br>Carol J. Pruski (*pro hac vice*)<br>William M. Schmidt (*pro hac vice*)<br>680 Maine Avenue SW<br>Washington, DC 20024<br>Phone: (202) 434-5000<br>Email: jschmidtlein@wc.com<br>         khodges@wc.com<br>         cmetz@wc.com<br>         cpruski@wc.com<br>         wschmidt@wc.com |
| *Attorneys for Plaintiffs Zulily, LLC and Old Retail ABC LLC* | *Attorneys for Defendant Amazon.com, Inc.* |

STIPULATED MOTION & [PROPOSED] ORDER RE THE PARTIES' STIPULATED DEPOSITION COORDINATION PROTOCOL AND ORDER - 2
(Case No. 2:23-cv-01900-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

# **EXHIBIT A**

THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZULILY, LLC, et al.,

    Plaintiffs,

v.

AMAZON.COM, INC.,

    Defendant.

Case No. 2:23-cv-01900-JHC

**[PROPOSED] STIPULATED DEPOSITION COORDINATION PROTOCOL AND ORDER**

    Plaintiffs Zulily, LLC, and Old Retail ABC LLC, ("Plaintiffs"), and Defendant Amazon.com, Inc. ("Amazon"), have agreed and stipulated to certain issues regarding the coordination of deposition discovery between the above-referenced action ("Action") and certain other matters, and hereby jointly submit this Proposed Stipulated Deposition Coordination Protocol and Order ("Coordination Order") for approval and entry by the Court.

## I. DEFINITIONS

1. The following definitions shall apply for the purposes of this Order:

    a. <u>Amazon Witness</u>:  Any person who is (i) a current employee or officer of Amazon, or (ii) a former employee or officer of Amazon who is represented by Counsel for Amazon.

    b. <u>Coordinated Actions</u>:  *The People of the State of California v. Amazon.com, Inc.*, No. CGC-22-601826 (Cal. Super. Ct.); *Frame-Wilson et al. v. Amazon.com, Inc.*, No. 2:20-cv-00424-JHC (W.D. Wash.); *De Coster et al. v. Amazon.com, Inc.*, No. 2:21-cv- 00693-JHC (W.D. Wash.); *Brown et al. v. Amazon.com, Inc.*, No. 2:22-cv-00965-JHC (W.D. Wash.); *Federal Trade Commission, et al., v. Amazon.com, Inc.*, No. 2:23-cv-01495-JHC (W.D. Wash); *District of Columbia v. Amazon.com, Inc.*, No. 2021-CA-001775-B (D.C. Super. Ct.); *Mbadiwe et al. v. Amazon.com, Inc.*, No. 1:22-cv-9542-VSB (S.D.N.Y.); *State of Arizona v. Amazon.com, Inc.*, No. CV2024-011990 (Az. Super. Ct.), and any other civil action in or approaching active discovery involving substantially similar claims that is identified and agreed upon in writing by the Parties.

    c. <u>Coordinated Deposition</u>:  A deposition to be conducted pursuant to this Coordination Order that will be noticed and taken by Plaintiffs and Coordinated Plaintiffs' Attorneys for at least one of the Coordinated Actions.

    d. <u>Coordinated Plaintiffs' Attorneys</u>:  Counsel of record for plaintiffs in the Coordinated Actions.

    e. <u>Counsel for Amazon</u>:  Counsel of record for Amazon.com, Inc., in this Action and the Coordinated Actions.

    f. <u>Counsel for Zulily</u>:  Counsel of record for Plaintiffs Zulily, LLC, and Old Retail ABC LLC.

        g.      Party or Parties:  Any entity named as a plaintiff or defendant in this Action.

## II. GENERAL PROVISIONS

2. This Coordination Order applies to the Parties in the Action, and provides protocols applicable to conducting deposition discovery in this Action.  Nothing in this Coordination Order shall preclude or otherwise restrict Amazon or plaintiffs in the Coordinated Actions from engaging in further or different coordination efforts in the Coordinated Actions or in any other action, but no such efforts by Amazon or plaintiffs in the Coordinated Actions shall modify this Coordination Order, be binding on Plaintiffs, affect Plaintiffs' ability to take discovery in this Action, or otherwise have any effect on the present Action.

3. This Coordination Order shall be effective only upon agreement of the Parties, or by order of the Court.

4. Any Party may seek to later modify this Coordination Order for good cause.  Prior to doing so, the Parties shall meet and confer in good faith regarding any proposed modifications.  This Coordination Order may be amended only by subsequent written agreement among the Parties, or by order of the Court.

5. Unless otherwise agreed to and ordered by this Coordination Order, discovery in this Action shall be governed by the applicable provisions of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, any other Court order in this Action, and any other applicable rules or orders that would apply to govern discovery in the absence of this Coordination Order.

6. All Parties reserve all rights to formally object (by motion or otherwise) to any deposition or deposition examination on any grounds and seek appropriate relief from the Court as warranted, including with respect to the taking of any deposition or to the timing or scope of any deposition in this Action.

7. Any deposition testimony taken in the Coordinated Actions shall be considered deposition testimony given in this Action, whether the examination was conducted by Plaintiffs, by Coordinated Plaintiffs' Attorneys, or by Counsel for Amazon, except for testimony solely concerning allegations in *Federal Trade Commission, et al., v. Amazon.com, Inc.*, No. 2:23-cv-01495-JHC (W.D. Wash.) regarding Project Nessie or Amazon's fulfillment operations.[1] The Parties reserve all rights to object to the admissibility or use of such testimony pursuant to the applicable rules.

8. With respect to any materials or testimony presented during a Coordinated Deposition and designated Confidential or Highly Confidential – Attorneys' Eyes Only, the Parties' obligations will be governed by the Protective Order in this Action. The obligations of Amazon's Counsel in the Coordinated Actions and the Coordinated Plaintiffs' Attorneys will be governed by the respective Protective Orders in the Coordinated Actions.

9. To facilitate coordinated depositions of witnesses between this Action and the Coordinated Actions, Plaintiffs may disclose materials and information derived from such materials designated by Amazon as Confidential or Highly Confidential – Attorneys' Eyes Only under the Protective Order in this Action to Coordinated Plaintiffs' Attorneys, provided that (i) such materials are reasonably necessary to facilitate such coordinated depositions, including discussions about potential coordinated depositions of Amazon Witnesses; and (ii) such Coordinated Plaintiffs' Attorneys have agreed in writing to treat those materials and information as Protected Material under the respective Protective Orders in the Coordinated Actions. Coordinated Plaintiffs' Attorneys may disclose materials and information derived from such materials designated by Amazon as Confidential or Highly Confidential – Attorneys' Eyes Only under the Protective Orders in the Coordinated Actions to Plaintiffs. Plaintiffs will treat those materials and information as Protected Material under the Protective Order in this Action.

---

[1] Plaintiffs continue to reserve their rights to revisit these two potential exceptions at a later date.

10. This Coordination Order applies only to depositions of Amazon Witnesses in their personal capacity. For avoidance of doubt, it does not address any depositions of Amazon Witnesses testifying pursuant to Rule 30(b)(6). Similarly, it does not address depositions of non-parties or depositions of any current or former employees of Plaintiffs (unless such a witness also qualifies as an Amazon Witness). The Parties are presently working on a protocol providing procedures and protections to address depositions of Plaintiffs and third-party witnesses. The Parties agree to negotiate that protocol in good-faith and promptly submit it to the Court for approval.

### III. SPECIFIC PROVISIONS

11. The Parties agree that Counsel for Zulily will notice depositions for no more than twenty (20) Amazon Witnesses, not including depositions noticed under Rule 30(b)(6) or depositions of witnesses who provide expert testimony pursuant to Rule 26(b)(4)(A). If Counsel for Zulily intends to question an Amazon Witness, Counsel for Zulily must notice the Amazon Witness's deposition.

12. For any Amazon Witness whose Coordinated Deposition is occurring entirely on or after August 21, 2025, if Counsel for Zulily elect to question an Amazon witness in a Coordinated Deposition, they must serve cross-notice at least seven (7) calendar days before the deposition's start date. If Counsel for Zulily cross-notice the deposition and the Amazon Witness consents to Zulily Counsel's participation, Zulily's Counsel will be allowed up to, but no more than, ninety (90) minutes of record time for questioning. Counsel for Zulily and Coordinated Plaintiffs' Attorneys maintain the discretion to sequence their respective questioning as they see fit, provided, however, that such sequencing may not serve as a basis for any plaintiff to extend questioning into a separate day and does not cause a materially disproportionate amount of questioning time between deposition days (which, despite paragraph 16 of the deposition coordination order filed in *Federal Trade Commission, et al., v.*

*Amazon.com, Inc.,* 23-cv-1495, Amazon recognizes may exceed seven hours on a given day). If the Amazon Witness so elects, Counsel for Zulily will finish their questioning on the same day they begin (that is, the deposition will not extend into an additional day). In the event Counsel for Zulily intends to only attend a Coordinated Deposition (not question the witness), Counsel for Zulily must provide seven days' notice of such attendance (email suffices).

13. For any Amazon Witness whose deposition occurred, in part or entirely, before August 21, 2025, in one or more of the Coordinated Actions, Counsel for Zulily may notice a standalone (that is, not coordinated) deposition. For any deposition in this category, Counsel for Zulily will be allowed up to, but no more than, three (3) hours of record time for questioning. Amazon reserves its rights to object to any such deposition, including on the grounds that it is duplicative, unnecessary, or unreasonably burdensome.

14. For any Amazon Witness who either (a) does not consent to Zulily's Counsel's participation in a Coordinated Deposition or (b) who is not participating in a Coordinated Deposition, Zulily may notice a separate deposition. For any deposition in this category, Counsel for Zulily will be allowed up to, but no more than, seven (7) hours of record time for questioning, to occur on one (1) calendar day. Should the Amazon Witness not previously have participated in a Coordinated Depositions and the Coordinated Plaintiffs seek to cross-notice the deposition, the Parties agree to use best efforts to address further coordination after receiving such cross-notice. Amazon reserves its rights to object to any such deposition, including on the grounds that it is duplicative, unnecessary, or unreasonably burdensome.

IT IS SO ORDERED.

DATED:_____

        THE HONORABLE JOHN H. CHUN
        UNITED STATES DISTRICT JUDGE

[PROPOSED] STIPULATED DEPOSITION
COORDINATION PROTOCOL AND ORDER - 7
(Case No. 2:23-cv-01900-JHC)