UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZULILY, LLC, et al.,

               Plaintiff,

   v.

AMAZON.COM, INC.,

               Defendant.

Case No. 2:23-cv-01900-JHC

**STIPULATED MOTION AND ORDER REGARDING EXPERT DISCOVERY**

Pursuant to Fed. R. Civ. P. 29, the parties hereto, through their respective counsel of record, hereby stipulate to the following regarding the scope of expert discovery and testimony in this action.

1.    <u>Definitions</u>

1.1    "Action" means the action filed in this Court under the caption *Zulily, LLC, et al., v. Amazon.com, Inc.*, 2:23-cv-01900-JHC, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

1.2    "Communication," "Communications," or "Communicated" means any actual or attempted dissemination, disclosure, transmission, transfer or exchange of information, opinions, or thoughts and includes, but is not limited to, written, oral, and electronic correspondence through text messages, social media and online postings, and any content on any messaging

applications such as, but not limited to, WhatsApp, Signal, Microsoft Teams, Confide, Facebook Messenger, and Snapchat.

1.3     "Consultant" means a Person, retained by a Party or their Testifying Expert specifically for purposes of the Action, to assist that Party in the prosecution or defense of the Action, and who will not provide testimony pursuant to Fed. R. Civ. P. 26(a)(2).  For the avoidance of doubt, the term Consultant does not include a Party or a Party's employees.

1.4     "Counsel" shall mean, as applied to outside counsel, counsel retained by a Party or Parties in connection with the Action and, with respect to Amazon's outside counsel, any Related Action.  As applied to in-house counsel, it shall mean any lawyer employed (or previously employed, at the time of the pertinent communication) by a Party when acting primarily in a legal capacity for that Party.  As applied to Plaintiffs, this includes, but is not limited to any attorneys who are, or previously were (at the time of the pertinent communication), employed by one or more Plaintiffs and acting primarily in a legal capacity for any Plaintiff.  As applied to All Parties, the term Counsel also includes, but is not limited to, any economists, financial analysts, statisticians, paralegals, investigators, technologists, administrative assistants, and clerical and administrative personnel employed by, or contracted with, the Party, provided that such employees or contractors are acting under the direction or supervision of Counsel and in connection with the Action or any Related Action.

1.5     "Defendant" means Amazon.com, Inc., including all of its employees, agents, representatives, subsidiaries, and affiliates.

1.6     "Document" or "Documents" means the broadest possible definition possible under Federal Rule of Civil Procedure 34 or any applicable local rule.  Documents include any and all Communications and/or electronically stored information.

1.7     "Party" means any Plaintiff or Defendant in the Action.  "All Parties" collectively means Plaintiffs and Defendant in the Action.

STIPULATION ORDER
REGARDING EXPERT DISCOVERY - 2
(Case No. 2:23-cv-01900-JHC)

1.8     "Person" means any natural person, corporate entity, business entity, partnership, association, joint venture, governmental entity, or trust.

1.9     "Plaintiffs" means Zulily, LLC ("Zulily"), Old Retail ABC LLC ("Old Retail ABC"), and Old Retail Recovery LLC ("Old Retail Recovery") including all of their employees, agents, and representatives.

1.10     "Related Action" shall include the following actions: *People of the State of California v. Amazon.com, Inc.* (Cal. Super. Ct. S.F. City and County), Case CGC-22-601826; *District of Columbia v. Amazon.com, Inc.* (Sup. Ct. D.C.), Case 2021 CA 001775 B [Judge Hiram E. Puig-Lugo]; *Federal Trade Commission, et al., v. Amazon.com, Inc.*, W.D. Wash., Case 2:23-cv-01495-JHC; *Christopher Brown, et al., v. Amazon.com, Inc.*, W.D. Wash., Case 2:22-cv-00965-JHC; *Elizabeth De Coster, et al. v. Amazon.com, Inc.*, W.D. Wash., CV:2:21-cv-00693-RSM; *Deborah Frame-Wilson, et al. v. Amazon.com, Inc.*, W.D. Wash., Case 2:20-cv-00424-RSM; *Tafari Mbadiwe, et al. v. Amazon.com, Inc.*, S.D.N.Y., Case 1:22-cv-09542-VSB; *State of Arizona v. Amazon.com, Inc.*, Az. Super. Ct., No. CV2024-011990; and any and all actions filed after the effective date of this Stipulation and Order that All Parties agree and/or the Court determines meet the criteria of Local Civil Rule 3(g), (h).

1.11     "Staff" means any individual assisting or supporting a Testifying Expert or Consultant specifically for the purposes of this Action.  For the avoidance of doubt, it does not include a Party or a Party's employees, except that it includes a Party or Party's employees who are a Testifying Expert required to provide a report pursuant to Fed. R. Civ. P. 26(a)(2) or a Party or Party's employees who assist or support a Party or Party's employees who are required to provide a report pursuant to Fed. R. Civ. P. 26(a)(2).

1.14     "Testifying Expert" means a Person, retained by a Party or Parties specifically for purposes of the Action, to assist that Party in the prosecution or defense of the Action, and who is required to provide a report pursuant to Fed. R. Civ. P. 26(a)(2)(B) and/or any other Person who is required to provide an expert report pursuant to Fed. R. Civ. P. 26(a)(2).

2.    General Provisions

2.1    This Stipulation and Order applies to All Parties to the Action.  This Stipulation and Order provides the protocols applicable to conducting discovery relating to Testifying Expert(s), Consultant(s), or their Staff.  Nothing herein shall preclude any Party from seeking to modify it later for good cause; prior to doing so, however, counsel of record shall meet and confer among themselves in a good-faith effort to reach agreement as to the appropriate scope of any modifications or revisions to this Stipulation and Order.

2.2    All Parties shall not serve subpoenas or discovery requests (for depositions or Documents) on any Testifying Expert, Consultant, or their Staff.  Instead, the Party proffering a Testifying Expert will: (a) be responsible for producing all materials and information required under this Stipulation or, to the extent not addressed in this Stipulation, under the Federal Rules of Civil Procedure for the Testifying Expert, and (b) upon request, make the Testifying Expert available for deposition at or reasonably near the Testifying Expert's workplace, unless otherwise agreed by the Parties, and at a time mutually agreed to by All Parties, and consistent with the Court's scheduling order(s).

2.3    All Parties agree to comply with the terms of this Stipulation pending the Court's approval and entry of this Stipulation and Order.

3.    Governing Law

3.1    Expert discovery shall be governed by the applicable provisions of the Federal Rules of Civil Procedure, except as otherwise provided herein or in any other order in this Action.  For the avoidance of doubt, the requirements of Federal Rule of Civil Procedure 26(a)(2)(A), 26(a)(2)(B), and 26(a)(2)(B)(i) remain in effect and apply to this Action notwithstanding this Stipulation and Order.

4.    Expert materials to be disclosed

4.1    In lieu of the disclosures required under Federal Rule of Civil Procedure 26(a)(2)(B)(ii)-(vi), no later than three business days after the service of any Testifying Expert's

report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) or otherwise, the Party or Parties proffering the Testifying Expert shall produce[1]:

          4.1.1    A copy of all data or other information referred to in the Testifying Expert's report or declaration and/or relied on by the Testifying Expert in forming the Testifying Expert's opinions (to the extent not already produced in discovery), including, but not limited to, complete copies of all data sets from which information relied upon was derived or obtained, all data and programs underlying any calculations, including all computer programs or code necessary to recreate any data, intermediate working-data, calculations, estimations, tables, or graphics, and including the intermediate working-data files that are generated from any initial ("raw") data files and used in performing the calculations appearing in the report.

          4.1.2    A list of all Documents referred to in the Testifying Expert's report or declaration and/or relied upon by the Testifying Expert in forming the Testifying Expert's opinions.  For purposes of this list, identifying Documents by Bates number is sufficient.  To the extent that any such Documents do not already have a Bates number, copies of those documents shall be produced. Such copies of Documents may be produced with a Bates number, but Bates numbering is not required.

          4.1.3    A statement of the witness's qualifications, including a list of all publications authored, in whole or in part, by the Testifying Expert in the previous 10 years and copies of all such publications that are not readily available publicly at a reasonable cost, provided that such publications are accessible by the Testifying Expert.

          4.1.4    A list of all other case(s), wherever those cases took place, in which, during the previous 4 years, the Testifying Expert testified as an expert at trial or by deposition, including the tribunal and case number.

---

[1] Paragraph 4.1 (including subparagraphs 4.1.1 through 4.1.5) applies to materials created or communications occurring after the initiation of the Action in which the Testifying Expert intends to testify (i.e., post-Action Documents and communications), and to materials created or communications occurring prior to the initiation of the Action in which the Testifying Expert intends to testify (i.e., pre-Action Documents and communications).

STIPULATION ORDER
REGARDING EXPERT DISCOVERY - 5
(Case No. 2:23-cv-01900-JHC)

4.1.5    A statement of the terms of the compensation and of the compensation paid and/or to be paid to the Testifying Expert for the Testifying Expert's work and testimony in the case.

4.2    Testifying Expert reports shall be served via email.  Except to the extent included within a Testifying Expert's report, the information required by subparagraphs 4.1.1 - 4.1.5 above shall be produced electronically in a manner agreed to by All Parties and, and, with respect to paragraph 4.1.1, in machine-readable format, where feasible.

4.3    Paragraphs 4.1.1 - 4.1.5 above are not intended to limit the ability of any Party to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to a Testifying Expert's testimony, during the course of any deposition, hearing, or trial.  The use and disclosure of any such demonstrative exhibits shall be governed by the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and this Court's Local Rules and Orders.

5.    Expert materials not requiring disclosure

5.1    Notwithstanding the foregoing and the Federal Rules of Civil Procedure, and except as otherwise required by paragraph 5.2 below, the following materials[2] shall not be subject to discovery or disclosure by any method (including by deposition):

5.1.1    The content of communications, whether oral or written, only among or between:

---

[2] Paragraph 5.1 (including subparagraphs 5.1.1 through 5.1.8) shall apply to materials created or communications occurring after the initiation of the Action (i.e., post-Action Documents and communications).  Paragraph 5.1 (including subparagraphs 5.1.1 through 5.1.8) shall also apply to materials created or communications occurring prior to the initiation of the Action (i.e., pre-Action Documents and communications), provided that (i) with respect to subparagraphs 5.1.1(a) and 5.1.1(b), all participants in the communication (a) were retained or employed by, on behalf of, or represented the same Party at the time of the communication and the communication was made in connection with, or in anticipation of, the Action or, with respect to Amazon, any Related Action, or (b) all participants in the communication were retained or employed by, on behalf of, or represented Plaintiffs at the time of the communication and the communication was made in connection with, or in anticipation of, the Action; and (ii) with respect to subparagraph 5.1.2, the Testifying Expert was retained or employed by or on behalf of a Party in the Action or, with respect to Amazon, any Related Action at the time the materials were prepared, and the materials were prepared on behalf of the same Party that retained or employed the Testifying Expert in the Action or, with respect to Amazon, any Related Action, and the materials were prepared in connection with, or in anticipation of, the Action or, with respect to Amazon, any Related Action.

STIPULATION ORDER
REGARDING EXPERT DISCOVERY - 6
(Case No. 2:23-cv-01900-JHC)

(a)   Counsel and a Testifying Expert, Consultant, and/or any Staff assisting the Testifying Expert or Consultant, except to the extent the Testifying Expert relies upon such communications as a basis or reason for his or her opinions;

(b)   a Testifying Expert or Consultant and other Testifying Experts and Consultants, as well as any Staff assisting such Testifying Experts or Consultants, except to the extent the Testifying Expert relies upon such communications as a basis or reason for his or her opinions; and

(c)   a Testifying Expert or Consultant and any Staff assisting such Testifying Expert or Consultant.[3]

5.1.2   Drafts of Testifying Expert reports, affidavits, declarations, or other Testifying Expert materials, including, without limitation:

(a)   draft studies, analyses, opinions, or written expert testimony prepared in connection with the Action or any Related Action;

(b)   draft Testifying Expert work papers prepared in connection with the Action or any Related Action; and

(c)   draft computer code (including queries), preliminary or intermediate calculations, computations, modeling, intermediate working data files, log files reflecting draft computer code, or data runs prepared in connection with the Action or any Related Action, except as described in paragraph 4.1.1.

---

[3] For purposes of this Stipulation and Order, "Plaintiffs' Counsel" includes Counsel for any Plaintiff in the Action and "Defendant's Counsel" includes Counsel for any Defendant in the Action or any Related Action. Communications between or among Counsel for (a) different Plaintiffs in this Action or (b) different Defendants (if additional defendants are later added to the Action or any Related Action) are included within this provision. Additionally, notwithstanding this provision, this expert stipulation does not, and is not intended to, abridge the attorney-client privilege.

STIPULATION ORDER
REGARDING EXPERT DISCOVERY - 7
(Case No. 2:23-cv-01900-JHC)

5.1.3    The notes of a Testifying Expert, Consultant, or Staff, except for notes of interviews of persons where the Testifying Expert, Consultant, or Staff participated in or conducted the interview and where the Testifying Expert relied on the interview in forming any opinions in his or her final report.

5.1.4    Any comments, whether oral or written, related to a final or draft report, affidavit, declaration, or potential testimony of a Testifying Expert prepared in connection with the Action or any Related Action by:

        (a)    Counsel;

        (b)    a Consultant;

        (c)    Staff;

        (d)    any other Testifying Expert;

        (e)    any other Consultant; or

        (f)    Staff of another Testifying Expert or Consultant.

5.1.5    Budgets, invoices, bills, receipts, or time records concerning Testifying Experts, Consultants, or Staff.  Notwithstanding this provision, any Party may inquire into a Testifying Expert's compensation in this matter, including the Testifying Expert's hourly rates, the total hours spent by the Testifying Expert and staff members in connection with this Action, and any other payments or consideration received by the Testifying Expert relating to work in the Action.

5.1.6    Copies of programs, software, or instructions that are commercially available at a reasonable cost.

5.1.7    Documents that are readily available publicly at a reasonable cost, provided that they are identified with sufficient specificity to allow the opposing side to locate and obtain the Documents.

5.1.8    Documents that have previously been produced during discovery in the Action, provided that they are identified by Bates number in the Testifying Expert's report.

STIPULATION ORDER
REGARDING EXPERT DISCOVERY - 8
(Case No. 2:23-cv-01900-JHC)

5.2    Notwithstanding any provision in paragraph 5 (including all subparagraphs), All Parties must produce (according to paragraphs 4.1.1, 4.1.2, and 4.2 above) all materials that:

(a)    constitute facts or data that the Testifying Expert relied on in forming the opinions expressed in his or her report; or

(b)    constitute assumptions that the Testifying Expert relied on in forming the opinions expressed in his or her report.

Information, communications, materials, or Documents upon which the Testifying Expert relies as a basis for their opinions are discoverable.  For the avoidance of doubt, nothing herein relieves a Testifying Expert or Party of the duty to identify the facts, data, and assumptions that the Testifying Expert relied upon as a basis for their opinions.

5.3    Further, notwithstanding the limitations contained in subparagraphs 5.1.1 - 5.1.8 above, an expert may be asked at a deposition or trial:

(a)    to identify and generally describe what data, facts, algorithms, modeling, regression analyses and source code the expert reviewed, investigated or considered but did not rely on or otherwise use, and

(b)    to describe the reasons for reviewing—but not using or relying on—any such data, facts, algorithms, modeling, analyses or source code.

5.4    All Parties are not required to produce or exchange logs reflecting any of the aforementioned items that are not subject to discovery or production pursuant to this Stipulation and Order.

6.    Materials relied on in reports

6.1    In formulating the opinions expressed in their expert reports, a Party's Testifying Experts shall not rely on documents, data, or information requested in discovery and not

STIPULATION ORDER
REGARDING EXPERT DISCOVERY - 9
(Case No. 2:23-cv-01900-JHC)

produced to the other Party by the close of fact discovery, except (a) by agreement between the Parties or (b) as ordered by the Court.

7.      Structure of Expert Discovery

7.1      There shall be two rounds of expert report submissions.  In the first round, each Party may submit one or more opening expert reports related to the topics for which that Party bears the burden of proof.  In the second round, each Party may submit one or more rebuttal expert reports that respond to the other Party's opening expert report(s).  For the avoidance of doubt, any Party that submits an opening expert report on topics for which that Party bears the burden of proof may not submit a reply expert report on those topics.

Stipulated to and respectfully submitted this 24th day of April, 2026, by:

**MORGAN, LEWIS & BOCKIUS LLP**

By:  s/ *Molly A. Terwilliger*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
       molly.terwilliger@morganlewis.com

**WILLIAMS & CONNOLLY LLP**

Kevin M. Hodges (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Carl R. Metz (*pro hac vice*)
Carol Joan Pruski (*pro hac vice*)
William M. Schmidt (*pro hac vice*)
Lindsay P. Hannibal (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5000
Email: khodges@wc.com
       jschmidtlein@wc.com
       cmetz@wc.com

cpruski@wc.com
wschmidt@wc.com
lhannibal@wc.com

*Attorneys for Defendant Amazon.com, Inc.*

**OLSON GRIMSLEY KAWANABE
HINCHCLIFF & MURRAY LLC**

By: _s/ Isabel Broer_
Eric Olson (*pro hac vice*)
Bianca Miyata (*pro hac vice*)
Isabel J. Broer (*pro hac vice*)
Jason C. Murray (*pro hac vice*)
Noah Nix (*pro hac vice*)
Sean C. Grimsley (*pro hac vice*)
700 17th Street, Suite 1600
Denver, CO 80202
Phone: (303) 535-5191
Email: eolson@olsongrimsley.com
        bmiyata@olsongrimsley.com
        ibroer@olsongrimsley.com
        jmurray@olsongrimsley.com
        nnix@olsongrimsley.com
        sgrimsley@olsongrimsley.com

**CARNEY BADLEY SPELLMAN, P.S.**

Mark Rosencrantz, WSBA # 26552
701 5th Avenue, Suite 3600
Seattle, WA 98104
Phone: (206) 622-8080
Email: rosencrantz@carneylaw.com

**BONA LAW PC**

Jon Cieslak (*pro hac vice*)
Joseph Trujillo (*pro hac vice*)
4275 Executive Square, Suite 200
La Jolla, CA 92037
Phone: (858) 964-4589
Email: james.lerner@bonalawpc.com
        joseph.trujillo@bonalawpc.com

STIPULATION ORDER
REGARDING EXPERT DISCOVERY - 11
(Case No. 2:23-cv-01900-JHC)

James Lerner (*pro hac vice*)
Sabri Siraj (*pro hac vice*)
16 Madison Square Park West, 9th Floor
New York, NY 10010
Phone: (480) 861-4024
Email: james.lerner@bonalawpc.com
            Sabri.siraj@bonalawpc.com

*Attorneys for Plaintiffs Zulily, LLC, Old Retail*
*ABC LLC, and Old Retail Recovery LLC.*

**ORDER**

IT IS SO ORDERED.

DATED this 24th day of April, 2026.

John H. Chun
_____
JOHN H. CHUN
UNITED STATES DISTRICT JUDGE